NO. 12-13-00260-CR

736·15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ORIGINAL

OSCAR HERNANDEZ
APPELLANT
VS.
THE STATE OF TEXAS
APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

Petition in cause 17690 from the 2nd District
Court of Cherokee County, Texas
and
The Court of Appeals for the twelfth District
of Texas, NO. 12-13-00260-CR

## PETITION FOR DISCRETIONARY REVIEW

TO the HONORABLE court of Appeals and Justice
Thereof:

Oscar Hernandez Appellant's by and through his
appellant's Appellate pro-se Oscar Hernandez and
pursuant to the provisions of; Vernon's ANN. Texas const.
Art. 4 §11 (a); Vernon's ANN. Texas C.C.P. Art. 37.07, §4(a).
of the Texas code of criminal procedure and Texas
Rules of appellate procedure 68, et seg., Respectfully
Submits this Appellant's Petition for DISCRETIONARY REVIEW.

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

Oscar Hernandez
TDCJ # 01873322
Michael unit
2664 FM 2054
Tennessee Colony, Texas 75886

pro-se

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:** Oscar Hernandez
TDCJ # 01873322
Michael unit
2664 FM 2054
Tennessee Colony, TX 75886

**APPELLATE COUNSEL:** Sten Langsjoen
P.O. Box 539
Tyler, TX 75710

**TRIAL COUNSEL:** Jack Sheridan
P.O. Box 537
Rusk, TX 75785

**STATE OF TEXAS:** Rachel L. Patton
Cherokee county District Attorney
P.O. Box 450
Rusk, TX 75785

i

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| Names of all parties | i |
| Table of contents | ii |
| Index of Authorities | iii |
| Statement Regarding no oral Argument | 1 |
| statement of the case | 1 |
| statement of procedural History | 1 |
| Ground for Review | 1 |
| Argument | 2-11 |
| prayer for Relief | 12 |
| certificate of service | 12 |

# INDEX OF AUTHORITIES

## State LAW

Ex parte Felton, 815 s.w. 2d 733, 736 (Tex. crim. App. 1991)

Hernandez v. state, 726 s.w. 2d 53 (Tex. crim. App 1986)

Luquis, 997 s.w. 2d at 444

Luquis, v. state 72 s.w. 3d 355, 363 (Tex. crim. App 2002)

Robinson v. state, 16 s.w. 3d 808, 813 (Tex. crim. App 2000)

Rose v. state, 752, s.w. 2d 529, 535 (Tex. crim. App. 1987)

## FEDERAL LAW

Cuyler v. Sullivan, 446 u.s. 335, 344 (1980)

mccann, 317 u.s. 264, 276, 63 s. ct 236, 240, 87 L. Ed

mccann v. Richardson, 397 u.s. 754, 771 (1970)

strickland v. washington, 466, u.s. 688, 687, 104 (1984)

## STATEMENT REGARDING NO ORAL ARGUMENT

No oral argument is requested because, as will be shown below, the trial record clearly establishes that the evidence of ineffective Assistance of counsel will be establishes.

## STATEMENT OF THE CASE

On January 25, 2010, in the second Judicial District court of Cherokee county, Texas, the Defendant was indicted for the offense of continuous sexual Abuse of a Young chid or children in cause Number 17,690. A jury was selected on July 15, 2013, and trial commenced on July 30, 2013. On July 31, 2013, the jury returned a verdict of guilty, and after evidence on punishment sentenced Appellant to 62 years in the Texas Department of criminal Justice, and a $10,000 fine.

## Statement of PROCEDURAL HISTORY

On May 29, 2015, the Twelfth court of Appeals affirmed the trial's judgment of ineffective of counsel in seven points of error. The Texas court of criminal Appeals granted the first Pro-se motion for an extension of time in which to file the petition for Discretionary Review. The time To file the petition has been extended To August 28, 2015.

## GROUND FOR REVIEW

DID THE 12th court OF AppeaLs reasonably apply clearly established Federal Law. under strickland v. washington, 466 u.s. 668, 104 s.ct. 2052, 80 L.Ed. 2d 674 (1984). by a preponderance of the evidence that his counsel's performance fell below accepted professional norms. Therefore, the consitution and statute. vernon's Ann. Texas const. Art. 4, § 11 (a); vernon's Ann. Texas C.C.P. art. 37.07, § 4 (a).

# ARGUMENT

A Defendant in a criminal trial has the right to effective assistance of counsel, U.S.Const. Amends. VI and XIV; Tex. Const. art. I, sec 10; Powell v. Alabama, 287 U.S. 45, 66 (1932). Trial counsel must act within the range of competence demanded of attorneys in criminal cases. McMann v. Richardson, 397 U.S. 759, 771 (1970). The same standards apply in evaluating the representation of retained and appointed counsel. Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). The effectiveness of counsel is ordinarily gauged by the totality of the representation, but even a single error can constitute ineffective assistance of counsel. Ex parte Felton, 815, S.W.2d 733, 736 (Tex. Crim. App. 1991) In addition, a defendant in a criminal trial does not need to object at trial to counsel's ineffective representation to preserve the issue for appeal. Robinson v. State, 16 S.W. 3d 808, 813 (Tex. Crim. App. 2000). In order to have a conviction reversed on appeal, an appellant must show that trial counsel's performance deficient and that the deficient performance resulted in prejudice to the defendant by depriving him of a fair trial. with reliable results. Strickland v. Washington, 466, U.S. 668, 687, 104 (1984). The appellate court must judge trial counsel's conduct based upon the particular facts of each case. Id. at 690. The appellant must show that trial counsel's representation fell below an objective standard of reasonableness. Id. at 688. In determining ineffective assistance of counsel, the appellant must identify acts or omissions by trial counse that were not the results of reasonable professional judgment and were outside the range of professionally competent assistance, Id at 690. Ultimately, the appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Reasonable probability sufficient to undermine the confidence in the outcome. Id. The standards announced in Strickland also apply to criminal cases in Texas. See Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).

In this case, Defense counsel's numerous errors combined to result in the appellant receiving inffective assistance of counsel.

Those errors included: Issue 1:) Appellant was deprived of his right to effective assistance of counsel when trial counsel failed to disclose an expert witness resulting in that witness' testimony to be excluded.

Issue 2:) Appellant was deprived of his right to effective assistance of counsel when Trial counsel failed to make a bill of exception regarding the expected testimony of the expert witness.

Issue 3:) Appellant was deprived of his right to effective assistance of counsel when Trial counsel failed To make a bill of exception regarding the recordings of the forensic interviews.

Issue 4:) Appellant was deprived of his right to effective assistance of counsel when Trial counsel failed to object To the charge on Punishment based on the absence of language advising the jury that Appellant would not be eligible for parole.

Issue 5:) Appellant was deprived of his right to effective assistance of counsel when trial counsel failed To request inclusion in the charge on Punishment language advising the jury that Appellant would not be eligible for parole.

Issue 6:) Appellant was deprived of his right to effective assistance of counsel when trial counsel failed To object to the trial courts proposed response regarding The effect of parole on Appellant's sentence.

Issue 7:) Appellant was deprived of his right to effective assistance of counsel when Trial Counsel failed to object to

3

inadmissible hearsay regarding a death threat made by Appellant.

In the first issue, Appellant argues that his counsel was ineffective because he failed to disclose child forensic interviewer Reashel Self as a potential expert witness, which resulted in the exclusion of her testimony.

Trial counsel was ineffective by failure to give notice of testifying expert witness. Had trial counsel properly given notice of self as an expert witness, her testimony would have called into doubt the victim's testimonies and the outcome of the case would have been different. Because the record reflects that E.S. admitted to having lied in the past concerning the event at issue. Specifically, E.S. testified as follows:

Q. Do you remember talking to a police officer that night?
A. Yes.

Q. And what did you tell the police officer?
A. I told him some of the stuff.

Q. Okay. How come you didn't tell him all the stuff? Is there a reason?
A. Trust. I don't really like the police. I don't know, I just don't. I didn't think it was also necessary to tell them everything.

Q. Does how much you tell about everything that happened depend on who you are talking to?
A. Yes.

Q. When I say it depends on who you are talking to, is it fair to say that it depends on how much you trust that person?
A. Yes.

Q. When you would talk to other people and you wouldn't tell them everything, were you telling them the truth or a lie?
A. I guess you could say a lie.

4

Q. okay. would that be because you didn't tell them the entire truth?
A. yes.

moreover, B.S. similarly admitted that her in-court testimony was inconsistent with her previous statements concerning the relevant events. specifically, B.S. testified as follows:

Q. So three or four years later, you tell the [District Attorney] what you are saying now is the truth?
A. yes.

Q. okay. So for four years, you continued to lie about it?
A. Not totally.

Q. what do you mean not totally? I don't understand.
A. Because I wasn't saying the whole entire truth. I would just say parts, it would be a lie though.

Thus, self's testimony, the jury would be able to consider the victim's in-court testimonies with the knowledge that each witness previosly had given less than complete version of their stories. Ultimately, the jury reasonably could have found the B.S. and E.S. lacked credibility, but it declined to do so. Therefore, Appellant conclude trial counsel's failure to properly notice self as an expert witness, so the outcome of the case would have been different. Not complying with Texas Rules of Evidence 103(a)(2) which requires a party complaining of the exclusion of evidence to make the the substance of the evidence known to the trial court, Appellant's argument that his trial counsel's failure to timely designate self as an expert witness deprived him of effective assistance of counsel. counsel did not file any motions.

In the second and third issue, Appellant contends that his counsel was ineffective because he failed to make a bill of exception regarding the testimony he expected to elicit from self and and of the recording of the forensics interview of the victims her testimony would have sponsored. The court has recognized

that the sith Amendment right to counsel exists, and is needed, inorder to protect the fundamental right to a fair trial. The consitution guarantees a fair trial throught the Due Process clauses, but it defines the basic elements of a fair trial largely through the several provisions of the sixth Amendment, including the counsel clause: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public/to be confronted with the witnesses against him: to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of counsel for his defence". Thus, a fair trial is one in which evidence subject to adversarial Testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial Role in the adversarial system embodied in the sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meat the case of the prosecution" to which they are entitled. Adam v. united states ex rel. McCann, 317 u.s. 269, 276, 63 S.Ct 236, 240, 87 L.Ed.

In the state brief, the state it self Stated that the trial counsel faild to make a bill of exception or put on a formal offer of proof with question to and answers from self. The trial counsel was ineffective because the lik of knowing the law. Through the trial, counsel shows ineffective. If trial counsel would done a bill of Exception the expert witness would not been in the punishment phase. The outcome of the case would have been different.

Defendant's substantial rights were affected when trial counsel improperly admitted expert opinion testimony regarding truthfulness of child complainant's allegations in proecution for aggravated sexual assault; outcome of trial depended on whether jury believed complainant or defendant. Rules App. Proc., Rule 44.2 (b).

In the fourth issue, Appellant argues that he received ineffective assistance of counsel because counsel failed to object to the absence of an instruction in the court's charge on punishment stating that Appellant would not be eligible for parole. See (RR vol 12, p63-70). No parole instruction was included.

In the fifth issue, Appellant contend that trial counsel was ineffective in not requesting that instruction concerning his ineligibility for parole be included in the charge. see (RR vol 12, p58) Trial counsel in (RR vol 12, p58) stated; what I would like to argue, and I don't know if I will be allowed to; it therefore concluded that counsel's performance fell below an objective standard of the prevailing professional norms. By not known to state the constitution and statute. Vernon's ANN. Texas const. Art. 4, § 11(a); Vernon's ANN. Texas C.C.P. art. 37, 07, § 4(a). Further more the trial counsel is been instructed by the court (RR vol 12, p59) to go see if he and the state could find anything on it and get it to the court before 1:00 o'clock. Here by a perponderance of the evidence, trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norm. see (RR vol 12, p58) trial counsel states; I am telling you, that's life. That's the way it works, Further more the court prohibited trial counsel to the argument of instructions of parole, Trial counsel failed to object therefore it cluded the ineffective of counsel.
The outcome would been have been different if the parole instructions would been included. The jury would understood The effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense. see (RR vol 12, p76) The jury would have known The separation of powers clause for a jury to consider when the Board of pardons and paroles might release an inmate on parole because it would consitute a judicial encroachment upon an executive function. The jury was mislead to think if given life, Appellant did not have a chance for parole (RR vol 12, p 72-73 In (RR vol 12, p 72-73) The jury is been mislead by state counsel by stating; it is solely up to you. And make no mistake people in this

7

county will be listening. People throughout the state will be listening. To the message that you send. And we are asking you to send a very resounding message, this is not going to happen to the children in our county, not in Cherokee County, because if you do it this is what is going to happen to you. We are asking you to send a message to these two little girls at the price that their innocence is worth. The state is recommending that that price should be life in prison. The defendant should not be allowed ever again to do this to another child. There the jury was mislead to think if given life the Appellant would not be reviewed by parole or effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a Defendant convicted of a criminal offense.

In applicability to Appellant of portion of statutory parole instruction referring to good conduct credits did not relieve trial court of its responsibility to give instruction in its entirety, where both giving of parole instruction and specific language thereof were mandated by stat constitution and statute. Vernon's Ann. Texas const. Art. 4 § 11(a); Vernon's Ann. Texas C.C.P. art. 37.07, § 4(a).

The trial court erred in denying Appellant's Request that jury charge include a definition and description of parole. Luquis, 997 S.W. 2d at 444.

In the sixth issue, Appellant argues that trial counsel was ineffective because he failed to object to the trial court's response to the jury declining to answer it inquiry during dilibrations concerning the effect of parole on Appellant's sentence. (RR Vol 12, p 76). Trial counsel was ineffective by not objecting, counsel fell on the prevailing professional norms. Tria counsel shows incompetent of the Law. see (RR Vol 12, p 58) where trial counsel asked; what I like to argue, and I DON'T KNOW IF I wIll BE ALLOWED TO. see TEX. CODE. CRIM. PROC. ANN. art. 36.14 (west 2007). Article 37.07, section 4 of the criminal procedure provides the instructions that trial courts are required to give juries

8

to inform them about the law of parole, see TEX. CODE CRIM. PROC. ANN. art. 37.07, §4 (West Supp. 2014). In clarifying the Legislature's intent regarding the provisions of Article 37.07, the court of criminal appeals has explained that the Legislature did not want any creative deviations from its chosen language regarding parole law instructions; consequently, trial judges cannot cut and past as they see fit, see Luquis v. State, 72 S.W. 3d 355, 363 (Tex. Crim. App. 2002). Further more the trial counsel failed to object when trial court admits doing the error see (RR vol 2, p 76) because the inconsistency of the incompetent of the law. Trial counsel's represen fell below an objective standard of reasonableness and the deficent performance prejudiced the defense.

The statutory parole charge instructs a jury in very general terms about the existence and possible grant of parole. It explicitly informs the jury that persons such as Appellant are ineligible for release on parole until they served one-half of their sentence or thirty years, which ever is less. The instruction also refers to the concept of "good conduct time" and states that a person sentenced to prison might earn some reduction in his period of incarceration (though not a reduction of his sentence) through the discretionary award of good conduct time. The final two paragraphs of the instruction clearly warn the jury that neither they, nor anyone else, can accurately predict how the concepts of "good conduct time" or parole might be applied to any particular person and thus they may not consider how those concepts might apply to the defendant. Thus, the over-all purpose of the instruction is to inform jurors of these concepts as a general proposition, but to prohibit the jury from using its notions of parole or "good conduct time" in any calculus in assessing the appropriate punishment. Historically, Texas courts held that it would violate the separation of powers clause for a jury to consider when the Board of pardons and paroles might release an innate on parole because it would constitute a judicial encroachment upon an executive function. Nonetheless, in 1985, the Legislature added section 4 to article 37.07, which required trial courts to instruct

9

juries in non-capital felony trials about the law of parole generally. Two year later, this court declared that Legislative enactment unconstitional because it violated the separation of power and due course of law doctrines. The Trial judges are required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case". TEX. CODE CRim. PROC. art. 36.14, Article 37.07, §4(a) is a legislatively-mandated statement of the law applicable to the punishment phase of the trial. see Rose v. state, 752, s.w. 2d 529, 535 (Tex, crim. App. 1987). Texas citizens voted to amend article IV, section 11(a) of the texas consitution to provide: The Legislature shall by the law establish a Board of pardon and paroles and shell require it to keep record of its actions and the reasons for it actions. The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

Therefore if trial counsel would not been ineffective the outcome would been different. The jury would not been mislead in thinking that the Appellant would not establish "good conduct time" or if Appellant been ineligible for release on parole until he served one-half of his sentence or thirty years, which ever is less.

So the trial court erred in denying appellant's request that jury charge inclued a definition and description of parole.

Therefore trial counsel's ineffective of been incompetent of the law was harmful to his case. It arguably had a substantial and injurious effect or influence on the trial jury verdict and sentence, and it was, therefore, harmful in the extreme.

In the seventh issue, Appellant argues that trial counsel was ineffective because he failed to object to inadmissible hearsay elicited from B.S. during cross examination regarding an alleged statement Appellant made threatening to kill the victims father if he were to go to prison.

Defense counsel fail in prosecution for aggravated sexual assault of a child to object to inadmissible testimony of victom that Appellant thratened victom father consistuted ineffective assistance of counsel; moreover, erteneous admission of hearsay testimony could only be characterized as fundamentally unfair, and it could not be said beyond a reasonable doubt that the error made no contribution to the conviction. The hearsay testimony of B.S. concerning the threat of B.S. father. The testimony is partently inadmissible, without reference to its hearsay nature.

## OPINION

However, in light of the (7) aforementioned facts with Appellant's supporting arguments in this petition, the evidence is very sufficient to support the essential evidence of ineffective assistance of counsel. Under Strickland v. Washington, 466, U.S. 688, 687 (1984); Robinson v. State, 16 S.W. 3d 808, 813 (Tex, Crim. App. 2000).

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant humbly prays that this court grant this petition, remand this case back to the court of Appeals with instructions to reverse the judgment of the trial court as to the ineffective assistance of counsel and reform the judgment to reflect the same.

Respectfully submitted

Oscar Hernandez
Osar Hernandez
TDCJ# 01873322
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75-886
Pro se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this petition for Discrationary Review was sarved to the state's Attorney by placing same in the Michael unit mailbox, postage pre-paid, on August 15 2015, and addressed to: District Attorney of
Cherokee County, Texas
P.O. Box 450
Rusk, Texas 75785

Oscar Hernandez
Oscar Hernandez #01873322

12

# NO. 12-13-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OSCAR HERNANDEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Oscar Hernandez appeals his conviction for continuous sexual abuse of a child under fourteen, for which he was sentenced to imprisonment for sixty-two years. In seven issues, Appellant argues he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child under fourteen and pleaded "not guilty." A jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for sixty-two years. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his issues one through seven, Appellant argues that he received ineffective assistance of counsel at trial.

### Governing Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland,*

466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Moreover, after proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.; see also Bone v. State*, 77 S.W.3d at 837.

## Failure to Give Notice of Testifying Expert Witness

In his first issue, Appellant argues that his counsel was ineffective because he failed to disclose Child Forensic Interviewer Reashel Self as a potential expert witness, which resulted in the exclusion of her testimony.

At trial, Appellant's counsel made clear what the substance of Self's testimony would be. Specifically, counsel stated that Self would testify that the two child victims, E.S. and B.S., did not make eye contact during their interviews, which could indicate that they were lying. Moreover, counsel stated that Self would testify to the characteristics a person who is lying might exhibit. Lastly, counsel indicated that Self, were she called to testify, would sponsor the videos of the forensic interviews conducted on the victims.

In his brief, Appellant argues that had his counsel properly given notice of Self as an expert witness, her testimony would have called into doubt the victims' testimonies and the outcome of the case would have been different. But the record reflects that E.S. admitted to having lied in the past concerning the events at issue. Specifically, E.S. testified as follows:

> Q. Do you remember talking to a police officer that night?
> A. Yes.
>
> Q. And what did you tell the police officer?
> A. I told him some of the stuff.
>
> Q. Okay. How come you didn't tell him all the stuff? Is there a reason?
> A. Trust. I don't really like the police[]. I don't know. I just don't. I didn't think it was also necessary to tell them everything.
>
> . . . .
>
> Q. Does how much you tell about everything that happened depend on who you are talking to?
> A. Yes.
>
> Q. When I say it depends on who you are talking to[,] is it fair to say that it depends on how much you trust that person?
> A. Yes.
>
> . . . .
>
> Q. When you would talk to other people and you wouldn't tell them everything[,] were you telling them the truth or a lie?
> A. I guess you could say a lie.
>
> Q. Okay. Would that be because you didn't tell them the entire truth?
> A. Yes.

3

Moreover, B.S. similarly admitted that her in-court testimony was inconsistent with her previous statements concerning the relevant events. Specifically, B.S. testified as follows:

> Q. So three or four years later[,] you tell the [District Attorney] what you are saying now is the truth?
> A. Yes.
>
> Q. Okay. So for four years[,] you continued to lie about it?
> A. Not totally.
>
> Q. What do you mean not totally? I don't understand.
> A. Because I wasn't saying the whole entire truth. I would just say parts, it would be a lie though.

B.S. further testified concerning a letter she wrote for school, in which she praised Appellant as a loving father figure. At trial, she described the letter as a "cover-up story."

During the presentation of his case, Appellant focused heavily on attacking the credibility of the victims' testimonies. And it is apparent from the record that Appellant's sole purpose for seeking to present Self's testimony was to attempt to further discredit the victims' testimonies and the statements they made in their interviews. But both B.S. and E.S. admitted to not having been entirely forthcoming in the past concerning the events in question. Thus, even without Self's testimony, the jury was able to consider the victims' in-court testimonies with the knowledge that each witness previously had given less than complete versions of their stories. Ultimately, the jury reasonably could have found that B.S. and E.S. lacked credibility, but it declined to do so. Therefore, we cannot conclude that but for Appellant's counsel's failure to properly notice Self as an expert witness, the outcome of the case would have been different. Appellant's first issue is overruled.

## Failure to Make a Bill of Exception

In his second and third issues, Appellant contends that his counsel was ineffective because he failed to make a bill of exception regarding the testimony he expected to elicit from Self and of the recordings of the forensics interviews of the victims her testimony would have sponsored. However, while Appellant's trial counsel did not make a bill of exception or put on a formal offer of proof with questions to and answers from Self, he was not required to do so to preserve error because he described the evidence to the trial court. *See Johnson v. State*, 233 S.W.3d 109, 117 (Tex. App.–Houston [14th Dist.] 2007, no pet.). As set forth previously, Appellant's counsel made clear to the trial court the testimony he hoped to elicit from Self and

4

his purpose for admitting the videos of the forensic interviews. Therefore, we hold that Appellant's counsel's failure to make a bill of exception does not amount to ineffective assistance. Appellant's second and third issues are overruled.

**Failure to Object to Jury Charge**

In his fourth issue, Appellant argues that he received ineffective assistance of counsel because his counsel failed to object to the absence of an instruction in the court's charge on punishment stating that Appellant would not be eligible for parole. In his fifth issue, Appellant contends that his trial counsel was ineffective in not requesting that this instruction concerning his ineligibility for parole be included in the charge. In his sixth issue, Appellant argues that his trial counsel was ineffective because he failed to object to the trial court's response to the jury declining to answer its inquiry during deliberations concerning the effect of parole on Appellant's sentence.

The trial court is required to give the jury a written charge setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts, or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Article 37.07, Section 4 of the code of criminal procedure provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2014). In clarifying the Legislature's intent regarding the provisions of Article 37.07, the court of criminal appeals has explained that the Legislature did not want any creative deviations from its chosen language regarding parole law instructions; consequently, trial judges cannot cut and paste as they see fit. *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

Article 37.07, Section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses arising under Section 21.02 of the penal code, offenses arising under Section 22.021 of the penal code that are punishable under subsection (f) of that section, or to capital felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4. Section 508.145(a) of the government code provides that a person serving a sentence for continuous sexual abuse of a young child is not eligible for release on parole. TEX. GOV'T CODE ANN. 508.145(a) (West Supp. 2014). Here, Appellant was convicted of continuous sexual abuse of a child, a violation of Section 21.02 of the penal code. *See* TEX. PENAL CODE ANN. 21.02(b)

(West Supp. 2014). Thus, the instructions to inform a jury about the law of parole contained in Article 37.07 do not apply to Appellant.

In *Cross v. State*, No. 09-11-00406-CR, 2012 WL 6643832 (Tex. App. Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication), a jury convicted the defendant of continuous sexual abuse of a child. *See id.* at *1. On appeal, the appellant complained that the trial court erred when it denied his request to include an instruction in the jury charge given in the punishment phase of the trial advising the jury that he would not be eligible for parole. *Id.* at *4. The court of appeals concluded the trial court did not err by refusing the defendant's requested instruction concerning his ineligibility for parole. *Id.* at *5. In so doing, the court noted that "[t]he Court of Criminal Appeals has expressed its reluctance to deviate from statutory instructions that are prescribed by the Legislature" and has indicated that, generally, special nonstatutory instructions have no place in the charge. *Id.* at *4; *Luquis*, 72 S.W.3d at 364; *see also Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2012) (special, nonstatutory instructions, even when they relate to statutory offenses or defenses, generally have no place in jury charge).

There, the instruction the defendant requested about the potential effect of a conviction on his eligibility for parole was a special, nonstatutory instruction. *See Cross*, 2012 WL 6643832, at *4. The Legislature has not provided for such an instruction in prosecutions for continuous sexual abuse of a child, and, consequently, the appellate court concluded the trial court did not err in refusing the instruction the defendant requested. *Id.* at *4.

Because the Legislature has not provided for a parole instruction under these circumstances, we conclude that Appellant's trial counsel was not ineffective for his failure to object to the trial court's omission to a parole instruction in the charge, his failure to request such an instruction, or his failure to object to the trial court's response declining to answer the jury's inquiry concerning Appellant's parole eligibility. Appellant's fourth, fifth, and sixth issues are overruled.

**Failure to Object to Inadmissible Hearsay**

In his seventh issue, Appellant argues that his trial counsel was ineffective because he failed to object to inadmissible hearsay elicited from B.S. during cross examination regarding an alleged statement Appellant made threatening to kill the victims' father if he were to go to

prison.[1] Yet, the record before us is silent about trial counsel's underlying strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza*, 213 S.W.3d at 348; *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

In *Andrews*, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But counsel's failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented on appeal is quite different from determining whether to object to hearsay testimony as a matter of trial strategy. *See Walker v. State*, No. 12-13-00076-CR, 2014 WL

---

[1] B.S.'s testimony revealed that she did not directly hear Appellant make this statement, but rather, that she was made aware of the statement from another source.

357193, at *2 (Tex. App.—Tyler Jan. 31, 2014, pet. ref'd) (mem. op., not designated for publication) (failure of trial counsel to object to hearsay testimony not ineffective assistance because counsel's underlying reasons for decision not demonstrated by record).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's seventh issue is overruled.

## DISPOSITION

Having overruled Appellant's seven issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 29, 2015

NO. 12-13-00260-CR

**OSCAR HERNANDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 17,690)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

Oscar Hernandez
Tdcj # 01873322
Michael unit
9420 Fm 2054
Tennessee colony, tx 75886

ACCEPTED AT MARKHAM STATION
2864 FM 2054 TENN-COLONY TX

Crincal Appeals

308

78711